# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CYNTHIA RIDDLE,** | § | |
| | § | |
|     **Plaintiff,** | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | |
| **SALLIE MAE STUDENT LOAN** | § | |
| **CORPORATION; ASCENSION** | § | |
| **C/O NAVIENT; EQUIFAX INFORMATION** | § | |
| **SERVICES, INC.; PIONEER CREDIT** | § | |
| **SERVICES, LLC; TRANS UNION, LLC; and** | § | |
| **EXPERIAN SERVICES CORPORATION,** | § | |
| | § | |
|     **Defendants.** | § | |

## PLAINTIFF'S COMPLAINT

**NOW COMES, CYNTHIA RIDDLE,** Plaintiff, and hereby files this her Complaint against Sallie Mae Student Loan Corporation; Ascension c/o Navient; Equifax Information Services, LLC; Pioneer Credit Services, LLC; Trans Union, LLC; and Experian Services Corporation, as Defendants, and in support thereof would respectfully show unto the Court as follows:

### I.

### JURISDICTION

1. This is an action brought by a consumer that is based on questions of violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*. [hereinafter "FCRA"]) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

## II.

## VENUE

2. Each defendant conducts business within the geographic region subject to the jurisdiction of this Court.

3. Venue is proper in the Southern District of Texas, because Plaintiff is a resident of this Federal District.

## III.

## PARTIES

4. Plaintiff is a natural person residing in the City of Houston, Harris County, Texas, at 18075 Garden Manor Drive, Houston, TX 77084.

5. The Defendants to this lawsuit are:

   a. Sallie Mae Student Loan Servicing Corporation ("Sallie Mae") is a national student loan servicing company, whose principal offices are located in the State of Pennsylvania, and who regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. Defendant Sallie Mae does not maintain a registered agent in the State of Texas. Therefore, Defendant Sallie Mae may be served with summons by serving any officer, director, or authorized agent at its last know home office address of PO Box 9500, Wilkes Barre, PA 18773-9500.

   b. Ascension c/o Navient ("Navient"), is a national student loan servicing company whose principal offices are located in the State of Pennsylvania, and who regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. Defendant Navient does not maintain a registered agent in the State of Texas. Therefore, Defendant Navient

may be served with summons by serving any officer, director, or authorized agent at its last known home office address at P.O. Box 9460, PC MC E2142, Wilkes Barre, PA 18773-9460.

    c. Pioneer Credit Services, LLC ("Pioneer"), is a New York limited liability company doing business in the State of Texas as a third-party debt collector and whose principal offices are located in the State of New York, and regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. Defendant Pioneer may be served with process by serving its registered agent, CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

    d. Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company doing business in the State of Texas as a national credit reporting bureau, and regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. According to the Texas Secretary of State, Defendant Equifax maintains a registered agent for service of process in the State of Texas and may be served with process by serving its registered agent, Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620 Austin, Texas 78701.

    e. Trans Union, LLC ("Trans Union"), is a Delaware limited liability company doing business in the State of Texas as a national credit reporting bureau, and regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. According to the Texas Secretary of State, Defendant Trans Union maintains a registered agent for service of process in the State of Texas. Defendant Trans Union may be served with process by serving the same upon at its registered agent, The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620 Austin, Texas 78701.

    f. Experian Services Corporation ("Experian"), is a foreign corporation doing business in the State of Texas as a national credit reporting bureau, and regularly conducts and

**PLAINTIFF'S COMPLAINT - Cynthia Riddle**                **Page 3**

transacts business in the State of Texas with sufficient minimum contacts. According to the Texas Secretary of State, Defendant Experian maintains a registered agent for service of process in the State of Texas. Defendant Experian may be served with process by serving the same upon at its registered agent, CT Corporation Systems, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.

## FACTUAL ALLEGATIONS

6. Navient is falsely reporting a student loan debt on Plaintiff's Equifax, Experian and Trans Union credit reporting files with incorrect late payments and remarks.

7. On or about 2004, Plaintiff applied for a Sallie Mae Parent loan in the amount of $32,470.94, for the benefit of her son, Tyler Riddle, to attend The Art Institute and then enroll at TCA, a Le Cordon Blue Accredited University in Austin, Texas, and later to attend Texas Culinary, at which time Plaintiff was led to believe that such a degree, credits, and school affiliation would be fully transferrable for further or continuing education.

8. Plaintiff began repaying the Sallie Mae student loan debt in 2008 (year three of a ten-year deferment option).

9. Plaintiff made regular payments by automatic draft through Prosperity Bank.

10. The last payment made to Sallie Mae was made in September 2015.

11. As of September 12, 2015, Plaintiff had paid off the entire student loan debt.

12. Since September 12, 2015, Plaintiff never received any verbal or written correspondence from any entity regarding the student loan debt as she believed it had been paid in full.

13. On August 19, 2016, Plaintiff received a letter from Defendant Navient which stated that there was a new account balance for the student loan of $73,928.81 with a new 4.25% fixed interest rate.

14. On November 14, 2016, Plaintiff received a collection letter from Defendant Pioneer stating that the student loan was in default and collections, and that the balance due was $92,459.52.

15. On December 6, 2016, Plaintiff sent a demand letter to Defendant Pioneer to suspend any and all correspondence with Plaintiff to expunge the debt with a paid in full standing, remove all delinquent inquiries from all three credit bureaus, and issue a notarized letter stating that the student loan account was paid in full and closed.

16. Plaintiff patiently waited more than 60 days for the trade lines to be updated showing that she had no balance remaining on the student loan debt. After she had waited long enough and had provided sufficient time for the Defendants to take corrective action of the disputed the trade lines with Defendants Equifax, Trans Union, and Experian. A true and correct copy of Plaintiff's demand letter to Defendant Pioneer is attached hereto marked Exhibit "A" and incorporated herein by reference.

17. On May 26, 2020, Plaintiff sent another demand letter to Defendant Navient in which she once again demanded that her credit file be updated and corrected, and that the enormous student loan debt be deleted. A true and correct copy of Plaintiff's May 26, 2020 letter to Defendant Navient is attached hereto marked Exhibit "B" and incorporated herein by reference.

18. As a direct and proximate result of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file,

Plaintiff has suffered credit denials and has been forced to refrain from applying for new credit or more favorable terms on existing credit lines.

19. As of the date hereof, the falsely reported student loan debt is still being reported on all three of her credit reporting files.

**V.**

**COUNT ONE – NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT NAVIENT**

20. Plaintiff realleges paragraphs 1-19 above as if fully recited verbatim.

21. Defendant Navient negligently failed to review all relevant information available to it and provided by Defendants Equifax, Experian, and Trans Union in conducting its reinvestigation as required by 15 U.S.C. §1681s-2(b). Specifically, Defendant Navient failed to direct Defendants Equifax, Experian, and Trans Union to remove the late payment remarks from the errant trade line.

22. The errant trade line is inaccurate and creating a misleading impression on Plaintiff's credit report.

23. As a direct and proximate cause of Defendant Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

24. Defendant Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Plaintiff has a private right of action to assert claims against Defendant Navient arising under 15 U.S.C. §1681s-2(b).

26. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with all costs, interest and attorney's fees incurred within the minimum jurisdictional limits of the Court.

## VI.

## COUNT TWO – WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT NAVIENT

27. Plaintiff realleges paragraphs 1-26 above as if fully recited verbatim.

28. After informing Defendants Navient, Experian, Equifax, and Trans Union that the Plaintiff disputed the accuracy of the information being reported by Equifax, Experian and Trans Union, Defendant Navient willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Defendant Navient willfully failed to review all relevant information available to it and provided by Defendants Equifax, Experian and Trans Union as required by 15 U.S.C. §1681s-2(b).

30. As a direct and proximate cause of Defendant Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

31. Defendant Navient is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. §1681n.

32. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with all costs, interest and attorneys' fees incurred within the minimum jurisdictional limits of the Court.

## VII.

### COUNT THREE – COMMON LAW FRAUD BY DEFENDANT PIONEER

33. Plaintiff realleges paragraphs 1-32 above as if fully recited verbatim.

34. The acts conduct and/or omissions of Defendant Pioneer as described herein, *supra*, also constitute common law fraud and are the proximate cause of the actual damages sustained and incurred by Plaintiff within the minimum jurisdictional limits of this Court.

35. Defendant Pioneer mislead Plaintiff and provided false statements of material fact to Plaintiff that it would request deletion of the trade lines with Defendants Equifax, Experian, and Trans Union, which statements Plaintiff relied upon to her detriment, but instead, Defendant Pioneer failed or refused to follow through and as a result Plaintiff has sustained damages in excess of the minimum jurisdictional limits of the Court.

36. As each of the acts, conduct and/or omissions of Defendant Pioneer as described herein that constitute common law fraud were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

37. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Pioneer for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## VIII.

## COUNT FOUR – NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EQUIFAX

38. Plaintiff realleges paragraphs 1-37 above as if fully recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Defendant Equifax negligently failed to maintain and/or follow reasonable procedures to assure minimum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

42. After receiving Plaintiff's consumer dispute concerning the errant trade line, Defendant Equifax

negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

43. As a direct and proximate cause of Defendant Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

44. Defendant Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. §1681o.

45. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Equifax for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

### IX.

### COUNT FIVE – WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EQUIFAX

46. Plaintiff realleges paragraphs 1-45 above as if fully recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

49. After receiving Plaintiff's consumer dispute concerning the errant trade line, Defendant Equifax

willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

50. As a direct and proximate cause of Defendant Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Defendant Equifax is liable to Plaintiff by reason of its negligent violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

52. **WHEREFORE,** Plaintiff prays that this court grants her a judgment against Defendant Equifax for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

### X.

### COUNT SIX – NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT TRANS UNION

53. Plaintiff realleges paragraphs 1-52 above as if recited verbatim.

54. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Defendant Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

57. After receiving Plaintiff's consumer dispute to the errant trade line, Defendant Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

58. As a direct and proximate cause of Trans Unions negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Defendant Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

60. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Trans Union for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## XI.

### COUNT SEVEN – WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT TRANS UNION

61. Plaintiff realleges paragraphs 1-60 above as if fully recited verbatim.

62. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681a.

63. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

64. Defendant Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

65. After receiving Plaintiff consumer dispute to the errant trade line, Defendant Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

66. As a direct and proximate cause of Defendant Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Defendant Trans Union is liable to Plaintiff by reason of its willful violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. §1681n.

68. **WHEREFORE,** Plaintiff prays that this court grant her a judgment against Defendant Trans Union for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## XII.

### COUNT EIGHT - NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN

69. Plaintiff realleges paragraphs 1-68 above as if fully recited verbatim.

70. Defendant Pioneer Credit Recovery prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681a.

71. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

72. Defendant Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. §1681e(b).

73. After receiving Plaintiff consumer dispute to the errant trade line, Defendant Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

74. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA.

75. Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Defendant Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

77. **WHEREFORE,** Plaintiff prays that this court grants her a judgment against Experian for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## XIII.

### COUNT NINE – WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN

78. Plaintiff realleges paragraphs 1-77 above as if fully recited verbatim.

79. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

80. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

81. Defendant Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. §1681e(b).

82. After receiving Plaintiff's consumer dispute to the errant trade line, Defendant Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

83. As a direct and proximate cause of Experian willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

84. Defendant Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

## XIV.

## DEMAND FOR JUDGMENT RELIEF

85. **WHEREFORE,** Plaintiff prays that this court grants her a judgment against Experian for all actual damages, plus punitive damages along with costs, interest and reasonable Attorney's fees incurred within the minimum jurisdictional limits of the Court.

## XV.

## PRAYER FOR RELIEF

86. Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendants:

    a. Actual damages; and/or

    b. Statutory damages; and/or

    c. Statutory costs and attorney's fees; and/or

    d. exemplary and/or punitive damages for the Defendants' willful violations of the Fair Credit Reporting Act.

## XVI.

## JURY DEMAND

87. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ John G. Helstowski*
John G. HelstowskI
Texas State Bar No. 24078653; S.D. Bar No. 2799780
**J. GANNON HELSTOWSKI LAW FIRM**
5209 Heritage Ave., Suite 510
Colleyville, TX 76034
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiff Cynthia Riddle